- 1 -

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| JANA K. DIAMOND, Individually and on Behalf of All Others Similarly Situated, | § Civil Action No. 1:25-cv-01812-DAE § § <u>CLASS ACTION</u> |
| Plaintiff, | § § |
| vs. | § § § |
| FIREFLY AEROSPACE INC., et al., | § § |
| Defendants. | § § § § |

**PRAKASH VASUDEVA BHAT'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

- 1 -

4925-7451-8662.v1

## I.    INTRODUCTION

The above-captioned securities class action lawsuit is brought on behalf of purchasers or acquirers of Firefly Aerospace Inc. ("Firefly" or the "Company"): (i) common stock pursuant and/or traceable to the offering documents issued in connection with the Company's initial public offering conducted on or about August 7, 2025 (the "IPO"); and/or (ii) securities between August 7, 2025 and September 29, 2025, inclusive (the "Class Period"). The lawsuit pursues claims pursuant to §§11 and 15 of the Securities Act of 1933 ("Securities Act") and §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). In securities class actions such as this one, the Private Securities Litigation Reform Act of 1995 ("PSLRA") states that, the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).[1] The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Prakash Vasudeva Bhat should be appointed as lead plaintiff because he: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Mr. Bhat's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting complex securities class actions such as this one, and will adequately represent the interests of all class members.

## II.    CONFERENCE OF COUNSEL

Counsel for Mr. Bhat is aware of Local Court Rule CV-7(G)'s conferral requirement before filing any motion. However, because of the PSLRA's procedure whereby any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in

---

[1]    The PSLRA amended the Securities Act and the Exchange Act in virtually identical ways as to the lead plaintiff provisions. *Compare* 15 U.S.C. §78u-4(a)(3)(B) *with* 15 U.S.C. §77z-1(a)(3)(B). For simplicity, only the Exchange Act is cited herein.

the complaint" may file a motion for appointment as lead plaintiff no later than 60 days following published notice of the complaint's filing, 15 U.S.C. §78u-4(a)(3)(B)(i), counsel for Mr. Bhat will not know which other class members, if any, will seek appointment as lead plaintiff until after the 60-day deadline to file the motions has expired on January 12, 2026. Consequently, counsel for Mr. Bhat respectfully requests that the conferral requirement be waived in this narrow instance.

### III.    FACTUAL BACKGROUND

Headquartered in Cedar Park, Texas, Firefly operates as a space and defense technology company and provides mission solutions for national security, government, and commercial customers. Firefly stock trades on the NASDAQ under the ticker symbol FLY. On or about August 7, 2025, Firefly conducted its IPO, issuing approximately 19.3 million shares of common stock to the public at the offering price of $45.00 per share.

The complaint alleges that that defendants throughout the Class Period and in the IPO's offering documents made false and/or misleading statements and/or failed to disclose that: (i) Firefly had overstated the demand and growth prospects for its Spacecraft Solutions offerings; (ii) the Company had overstated the operational readiness and commercial viability of its Alpha rocket program; and (iii) the foregoing, once revealed, would likely have a material negative impact on Firefly.

On September 22, 2025, Firefly reported its first earnings report as a public company and, among other items, revealed a loss of $80.3 million for the second quarter of 2025 compared to $58.7 million for the same quarter in 2024. The Company also reported revenue of $15.55 million, below analyst estimates of $17.25 million and down 26.2% from the same quarter in 2024. Significantly, the Company reported revenue of only $9.2 million in its Spacecraft Solutions business segment, representing a 49% year-over-year decrease. On this news, the price of Firefly's shares fell more than 15%.

Then, on September 29, 2025, Firefly disclosed that "the first stage of Firefly's Alpha Flight 7 rocket experienced an event that resulted in a loss of the stage." ECF 1 at ¶12. On this news, the price of Firefly's shares fell more than 20%.

Due to defendants' wrongful acts and omissions, and the declines in the market value of the Company's securities, Mr. Bhat and other putative class members have suffered significant losses and damages.

## IV.   ARGUMENT

### A.   Mr. Bhat Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 457 (S.D. Tex. 2002). Mr. Bhat meets each of these requirements and should therefore be appointed as Lead Plaintiff.

### 1.   This Motion Is Timely

On November 11, 2025, the named plaintiff's counsel published notice of this action on *ACCESS Newswire*, advising potential class members of the pendency of the action, the claims

asserted, and the right to seek appointment as lead plaintiff no later than 60 days following the date of the notice, or January 12, 2026. *See* Affidavit of Joe Kendall in Support of Prakash Vasudeva Bhat's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Kendall Aff."), Ex. A. Mr. Bhat's motion is therefore timely and he is entitled to be considered for appointment as lead plaintiff.

### 2. Mr. Bhat Has the Largest Financial Interest in the Relief Sought by the Class

Mr. Bhat purchased Firefly common stock pursuant to the offering documents issued in connection with the IPO and securities during the Class Period, suffering approximately $202,123 in losses pursuant to the Securities Act and $154,751 in losses pursuant to the Exchange Act. *See* Kendall Aff., Exs. B-C. To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Mr. Bhat satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Mr. Bhat Otherwise Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "Although the inquiry at this stage of the litigation in selecting the Lead Plaintiff is not as searching as the one triggered by a subsequent motion for class certification, the proposed Lead Plaintiff must make at least a preliminary showing that it has claims that are typical of those of the putative class and has the capacity to provide adequate representation for those class members." *Enron*, 206 F.R.D. at 441.

"Typicality is achieved where the named plaintiffs' claims arise 'from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the

same legal theory.'" *Id.* (citation omitted). "The adequacy review '"serves to uncover conflicts of interest between the named plaintiffs and the class they seek to represent."'" *Id.* (citation omitted).

Here, Mr. Bhat's claims are typical of those of the putative class. Indeed, like all other members of the class, Mr. Bhat: (1) purchased Firefly securities; (2) was adversely affected by defendants' false and misleading statements and omissions; and (3) suffered damages thereby. Mr. Bhat's Certification sets forth his transactions in Firefly securities during the Class Period. *See* Kendall Aff., Ex. B. As such, Mr. Bhat has a significant direct interest in the outcome of this action, ensuring he will vigorously represent the class. Additionally, Mr. Bhat has demonstrated his adequacy by signing a sworn Certification and Declaration affirming his willingness to serve as, and to assume the responsibilities of, lead plaintiff. *See id.*, Exs. B, D. Because Mr. Bhat filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that Mr. Bhat is the "most adequate plaintiff."

**B.     The Court Should Approve Mr. Bhat's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Mr. Bhat has selected Robbins Geller as lead counsel in this case.

Robbins Geller, a 200-attorney nationwide law firm, regularly practices complex securities litigation in federal courts across the country and has obtained the two largest PSLRA class action recoveries ever in Texas courts in *In re Enron Corp., Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion) and *In re Dynegy Inc. Sec. Litig.*, No. H-02-1571 (S.D. Tex.) ($474 million). The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex

securities issues.[2]    Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Enron Corp. Sec.*, *Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (commenting that the "experience, ability, and reputation" of the attorneys with Robbins Geller "is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); *Schwartz v. TXU Corp.*, 2005 WL 3148350, at *14 (N.D. Tex. Nov. 8, 2005) (Kinkeade, J.) ("Lead Counsel have amply demonstrated their competence through their representation of Lead Plaintiffs in this action to date, including their successful negotiation of a $149.75 million settlement of the claims made by Lead Plaintiffs. This is the largest cash settlement in a securities class action ever in this District. It is also one of the largest securities class action recoveries ever obtained in the United States in a case not involving a restart of never reported earnings."). Texas attorney and former United States District Judge Joe Kendall was co-lead counsel in *Schwartz*.

Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

---

[2]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com. A paper copy of the Firm's resume is available upon the Court's request, if preferred.

[3]    *See Enron*, No. 4:01-cv-03624 ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class

As such, Mr. Bhat's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## V.    CONCLUSION

Mr. Bhat satisfies each of the PSLRA's requirements for appointment as lead plaintiff.  As such, Mr. Bhat respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel.

Dated:  January 12, 2026                    Respectfully submitted,

/s/ *Joe Kendall*
JOE KENDALL
Texas Bar No. 11260700
KENDALL LAW GROUP, PLLC
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

***Local Counsel***

ROBBINS GELLER RUDMAN
 & DOWD LLP
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

***Proposed Lead Counsel for Proposed Lead Plaintiff***

---

action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

## CERTIFICATE OF CONFERENCE

Counsel for Mr. Bhat is aware of Local Court Rule CV-7(G)'s conferral requirement before filing any motion. However, because of the PSLRA's procedure whereby any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" may file a motion for appointment as lead plaintiff no later than 60 days following published notice of the complaint's filing, 15 U.S.C. §78u-4(a)(3)(B)(i), counsel for Mr. Bhat will not know which other class members, if any, will seek appointment as lead plaintiff until after the 60-day deadline to file the motions has expired on January 12, 2026. Consequently, counsel for Mr. Bhat respectfully requests that the conferral requirement be waived in this narrow instance.

/s/ *Joe Kendall*
JOE KENDALL

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record on January 12, 2026 via CM/ECF, in accordance with the Federal Rules of Civil Procedure.

/s/ *Joe Kendall*
JOE KENDALL