**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| JANA K. DIAMOND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FIREFLY AEROSPACE INC., JASON KIM, DARREN MA, REMINGTON WU, JORDI PAREDES GARCIA, KIRK KONERT, THOMAS MARKUSIC, MARC WEISER, JED MCCALEB, THOMAS ZURBUCHEN, and CHRISTOPHER EMERSON,<br><br>Defendants. | Case No.: 1:25-cv-01812-DAE |

### JULIAN PETROULAS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF

Julian Petroulas ("Movant") will and hereby does move this Court for entry of an order: (1) appointing Movant as lead plaintiff in the above-captioned action (the "Action") pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1 and 15 U.S.C. § 78u-4; (2) approving Movant's selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as lead counsel for the Class and Sponsel Miller PLLC ("Sponsel Miller") as liaison counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper. In support of this Motion, Movant makes the following arguments in the below Memorandum of Law,[1] and submits the Declaration of Thane Tyler Sponsel III in support thereof, and a Proposed Order Appointing Movant as Lead Plaintiff.

---

[1] Pursuant to Local Rule CV-7(c), Movant has not filed a separate memorandum of law and instead include their argument *infra*.

## COMPLIANCE WITH LOCAL RULE CV-7(i)

Local Rule CV-7(g) requires a conference of counsel prior to filing non-dispositive motions. Pursuant to the PSLRA, however, any class member, regardless of whether that class member filed a complaint, may file a motion for appointment as lead plaintiff. Thus, there is no way for Movant to know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of LR7(i) be waived.

**TABLE OF CONTENTS**

SUMMARY ................................................................................................................................. 1

FACTUAL BACKGROUND .................................................................................................... 2

PROCEDURAL BACKGROUND ............................................................................................ 4

ARGUMENT ............................................................................................................................. 4

    I.       Movant Should Be Appointed Lead Plaintiff ................................................. 4

          A.      Movant Filed a Timely Motion in Response to a PSLRA Notice .......................... 5

          B.      Movant Has the Largest Financial Interest ............................................................ 6

          C.      Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil
                 Procedure ............................................................................................................... 6

                1.      Movant's Claims Are Typical With the Claims of the Class ........................... 7

                2.      Movant is an Adequate Representative ............................................................ 8

    II.      The Court Should Approve Movant's Choice of Counsel ......................................... 10

CONCLUSION ....................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Abouzied v. Applied Optoelectronics, Inc.*,
 2018 U.S. Dist. LEXIS 16801 (S.D. Tex. Jan. 22, 2018) ....................................................... 2

*Gluck v. CellStar Corp.*,
 976 F. Supp. 542 (N.D. Tex. 1997) .................................................................................... 7

*Hohenstein v. Behringer Harvard REIT I, Inc.*,
 No. 12-cv-3772, 2012 WL 6625382 (N.D. Tex. Dec. 20, 2012)............................................ 10

*Makhlouf v. Tailored Brands, Inc.*,
 2017 U.S. Dist. LEXIS 41872 (S.D. Tex. Mar. 23, 2017)...................................................... 5

*Parker v. Hyperdynamics Corp.*,
 No. 4:12-CV-999, 2013 U.S. Dist. LEXIS 21767 (S.D. Tex. Feb. 19, 2013) ......................... 8

*In re Plains All Am. Pipeline, L.P. Sec. Litig.*,
 2015 U.S. Dist. LEXIS 163811 (S.D. Tex. Dec. 7, 2015) ...................................................... 7

*Stirman v. Exxon Corp.*,
 280 F.3d 554 (5th Cir. 2002) ........................................................................................... 7

 *In re Waste Mgmt. Sec. Litig.*,
 128 F. Supp. 2d 401 (S.D. Tex. 2000) ................................................................................ 7

**Statutes**

15 U.S.C. § 77z-1.............................................................................................................. *passim*

15 U.S.C. § 78u-4 ............................................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 23.............................................................................................................. *passim*

## SUMMARY

Movant respectfully submits the following argument in support of his Motion, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1 and 15 U.S.C. § 78u-4, for: (1) appointment as Lead Plaintiff in the Action; and (2) approval of his selection of counsel on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired: (a) Firefly Aerospace Inc. ("Firefly" or the "Company") common stock pursuant and/or traceable to the Offering Documents (defined below) issued in connection with the Company's initial public offering conducted on or about August 7, 2025 (the "IPO" or "Offering"); and/or (b) Firefly securities between August 7, 2025 and September 29, 2025, both dates inclusive (the "Class Period"), and were damaged thereby. Movant seeks to recover damages under Sections 11 and 15 of the Securities Act of 1933 ("Securities Act") (15 U.S.C. §§ 77k and 77o), as well as Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5) against Defendants.

Pursuant to the PSLRA, the class member who possesses the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members. The most adequate plaintiff shall be appointed as lead plaintiff to lead the litigation. Movant believes that he is the "most adequate plaintiffs" as defined by the PSLRA and should be appointed Lead Plaintiff based on the financial losses suffered as a result of Defendants' wrongful conduct. Moreover, Movant satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class. *See*

*generally Abouzied v. Applied Optoelectronics, Inc.*, 2018 U.S. Dist. LEXIS 16801, at *5-7 (S.D. Tex. Jan. 22, 2018). In addition, Movant's selection of Levi & Korsinsky as lead counsel and Sponsel Miller as liaison counsel and should be approved, as these firms have substantial expertise and experience in securities and class action litigation.

## FACTUAL BACKGROUND[2]

Firefly operates as a space and defense technology company and purports to "provid[e] mission solutions for national security, government, and commercial customers with an established track record for success." ¶ 2. The Company operates through two business segments, Launch and Spacecraft Solutions, and purports to "enable[] government and commercial customers to launch, land, and operate in space – anywhere, anytime." *Id.*

On July 11, 2025, Firefly filed a registration statement on Form S-1 with the SEC in connection with the IPO, which, after several amendments, was declared effective by the SEC on August 6, 2025 (the "Registration Statement"). ¶ 6.

The Company on August 8, 2025 filed a prospectus on Form 424B4 with the SEC in connection with the IPO, which incorporated and formed part of the Registration Statement (the "Prospectus" and, together with the Registration Statement, the "Offering Documents"). ¶ 7.

Firefly conducted its August 7, 2025 IPO pursuant to the Offering Documents, selling 19.296 million shares of common stock priced at $45.00 per share. ¶ 8. The Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Diamond* Complaint") filed in the action entitled *Diamond v. Firefly Aerospace Inc., et. al.*, Case No. 1:25-cv-01812-DAE (the "*Diamond* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Diamond* Complaint. The facts set forth in the *Diamond* Complaint are incorporated herein by reference.

misleading and were not prepared in accordance with the rules and regulations governing their preparation. ¶ 9. Additionally, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. *Id*. Specifically, the Offering Documents and Defendants made false and/or misleading statements and/or failed to disclose that: (i) Firefly had overstated the demand and growth prospects for its Spacecraft Solutions offerings; (ii) Firefly had overstated the operational readiness and commercial viability of its Alpha rocket program; (iii) the foregoing, once revealed, would likely have a material negative impact on the Company; and (iv) as a result, the Offering Documents and Defendants' public statements throughout the Class Period were materially false and/or misleading and failed to state information required to be stated therein. *Id*.

Firefly reported its financial results for the second quarter of 2025 on September 22, 2025, its first earnings report as a public company. ¶ 10. Among other items, the Company reported a loss of $80.3 million, or $5.78 per share, compared to $58.7 million, or $4.60 per share, for the same quarter in 2024. *Id*. Firefly also reported revenue of $15.55 million, below analyst estimates of $17.25 million and down 26.2% from the same quarter in 2024. *Id*. Significantly, Firefly reported revenue of only $9.2 million in its Spacecraft Solutions business segment, representing a 49% year-over-year decrease. *Id*.

As the market reacted to this news, Firefly's stock price dropped $7.58 per share, or 15.31%, to close on September 23, 2025 at $41.94 per share. ¶ 11.

Less than one week later, on September 29, 2025, the Company disclosed that "the first stage of Firefly's Alpha Flight 7 rocket experienced an event that resulted in a loss of the stage." ¶ 12. Notably, Firefly CEO Jason Kim stated during the September 22, 2025 earnings call that the Company "expect[ed] to launch Flight 7 in the coming weeks." *Id*. Following on the heels of

Firefly's failed April 2025 Alpha rocket launch, the Alpha 7 test failure raised significant questions about Firefly's ability to meet its commercial launch commitments and the viability of the Company's technology. *Id.*

In response to this news, Firefly's stock price declined 20.73%, or $7.66 per share, to close at $29.30 per share on September 30, 2025. ¶ 13.

## PROCEDURAL BACKGROUND

Plaintiff Jana K. Diamond ("Diamond") commenced the first-filed action against Firefly in this Court on November 11, 2025. The following day, counsel for Diamond published a notice on *ACCESS Newswire* (the "Notice"), announcing that a securities class action had been initiated against Defendants, herein, and advising investors in Firefly that they had 60 days to seek appointment as lead plaintiff. *See* Declaration of Thane Tyler Sponsel III in Support of Movant's Motion for Appointment as Lead Plaintiff and Approval of Counsel (the "Sponsel Decl.") at Exhibit ("Ex.") C.

## ARGUMENT

### I.    Movant Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for appointing a lead plaintiff in class actions brought under the Securities and Exchange Acts. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action (i) by not later than 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—i.e., the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof by a "purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 77z-1(a)(3)(b)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Movant satisfies all of the foregoing criteria. Movant has filed a Motion to be appointed as Lead Plaintiff and has, to the best of his knowledge, the largest financial interest sought by any class member in this litigation. In addition, Movant meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed Lead Plaintiff. *See Makhlouf v. Tailored Brands, Inc.,* 2017 U.S. Dist. LEXIS 41872, at *29 (S.D. Tex. Mar. 23, 2017).

### A.    Movant Filed a Timely Motion in Response to a PSLRA Notice

On November 12, 2025, pursuant to 15 U.S.C. § 77z-1(a)(3)(A) and 15 U.S.C. § 78u-4(a)(3)(A), the Notice of the pendency of the *Diamond* Action was published on *ACCESS Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against Defendants, herein, and advising purchasers of Firefly

securities that they had until January 12, 2026 to file a motion to be appointed as lead plaintiff.

Movant filed this motion pursuant to the Notice and within the 60-day period following publication. Movant has also submitted a sworn certification attesting to his purchases of Firefly common stock and/or securities and stating that he is willing to serve as Class representative and to provide testimony at deposition and trial, if necessary. *See* Sponsel Decl., Ex. A. By making a timely motion in response to a published PSLRA notice, Movant satisfies the first PSLRA requirement to be lead plaintiff.

### B.     Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii). Movant believes he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Pursuant and/or traceable to the IPO and/or during the Class Period, Movant purchased a total of 159,402 shares, at a net cost of $9,362,936.54, and suffered approximately $5,656,582.94 using a last-in-first-out ("LIFO") analysis. *See* Sponsel Decl., Ex. B. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23. Movant, thus, satisfies the second PSLRA requirement—the largest financial interest in the relief sought by the Class.

### C.     Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act and Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23

6

of the Federal Rules of Civil Procedure." *See In re Plains All Am. Pipeline, L.P. Sec. Litig.,* 2015 U.S. Dist. LEXIS 163811, at *10-12 (S.D. Tex. Dec. 7, 2015). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

### 1. Movant's Claims Are Typical With the Claims of the Class

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because he suffered the same injuries as the absent Class members, he suffered as a result of the same course of conduct by Defendants, and his claims are based on the same legal issues. *See In re Waste Mgmt. Sec. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). Importantly, the typicality requirement of Rule 23 does not require the lead plaintiff to be identically situated with all class members in order to satisfy typicality. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).

Movant's claims are typical with the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants violated the federal securities laws by

disseminating materially misleading statements concerning the operations and financial performance of Firefly. Movant, like all of the members of the Class, purchased Firefly shares at prices artificially inflated by Defendants' alleged misstatements and omissions and was damaged thereby. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the claims of the Class, satisfy the typicality requirement of Rule 23(a)(3).

### 2. Movant is an Adequate Representative

Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that he will vigorously pursue the interests of the Class. *See Parker v. Hyperdynamics Corp.*, No. 4:12-CV-999, 2013 U.S. Dist. LEXIS 21767, at *9 (S.D. Tex. Feb. 19, 2013) (losses suffered ensure lead plaintiff will adequately represent absentee class members). Finally, Movant retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v) and 15 U.S.C. § 78u-4(a)(3)(B)(v). *See id.*

(selection of "law firms that are competent at and experienced in prosecuting securities class actions" evidence of adequacy). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has sustained the largest amount of losses from the Defendants' alleged wrongdoing, he is, therefore, the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 77z-1(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for over 10 years. He resides in Dubai, United Arab Emirates. Movant is the founder of Over Agency, a management and marketing agency focused on artist development internationally. Before Over Agency, he founded and sold a successful festival promotions company and a subscription tech company. Movant is presently self-employed as an entrepreneur in the lifestyle and entertainment industry. He creates and produces content over social media featuring himself and various associates discussing travel, health and wellness, pop culture, lifestyle, and business topics, including investments. Movant also manages a personal portfolio of investments for his own benefit which consists of real estate investments, businesses, and equities, including the stock investment at issue in this action. Further, Movant has experience overseeing attorneys, as he has hired attorneys for personal and business matters, which includes recent litigation in Indonesia arising from a real estate transaction. *See* Movant's Declaration, Ex. D to Sponsel Decl. Accordingly, Movant meets the adequacy requirement of Rule 23.

9

## II.    The Court Should Approve Movant's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v) and 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should interfere with the lead plaintiff's selection "only when necessary 'to protect the interests of the class.'" *Hohenstein v. Behringer Harvard REIT I, Inc*., No. 12-cv-3772, 2012 WL 6625382, at *3 (N.D. Tex. Dec. 20, 2012). Movant has retained Levi & Korsinsky to serve as lead counsel and Sponsel Miller to serve as liaison counsel on behalf of the Class. As reflected in the accompanying firm résumés, Levi & Korsinsky and Sponsel Miller possess extensive experience and expertise in securities litigation and have the necessary resources to efficiently and effectively prosecute the Action. *See* Sponsel Decl., Ex. E. Furthermore, these firms have continually invested time and resources in carefully investigating and prosecuting this case. The Court may be assured that the proposed lead and liaison counsel will provide the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his motion and enter an Order: (1) appointing Movant as Lead Plaintiff in the Action; (2) approving Movant's selection of Levi & Korsinsky as lead counsel and Sponsel Miller as liaison counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

*[Signature on following page]*

10

Dated: January 12, 2026

Respectfully submitted,

**SPONSEL MILLER PLLC**

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III
Texas Bar No.: 24056361
520 Post Oak Boulevard, Suite 310
Houston, Texas 77027
Telephone: (713) 892-5400
Facsimile: (713) 892-5401
Email: sponsel@smglawgroup.com

*Liaison Counsel for Julian Petroulas and Proposed Liaison Counsel the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Julian Petroulas and Proposed Lead Counsel for the Class*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, January 12, 2026, a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III

12