UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |
|---|---|
| JANA K. DIAMOND, Individually and On Behalf of All Others Similarly Situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**FIREFLY AEROSPACE INC., JASON KIM, DARREN MA, REMINGTON WU, JORDI PAREDES GARCIA, KIRK KONERT, THOMAS MARKUSIC, MARC WEISER, JED MCCALEB, THOMAS ZURBUCHEN, and CHRISTOPHER EMERSON,**<br><br>**Defendants.** | CASE No.: 1:25-cv-01812-DAE<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DABO ZHAO TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br><u>**CLASS ACTION**</u> |

Movant Dabo Zhao ("Movant"), respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers (other than defendants) of (a) Firefly Aerospace Inc. ("Firefly") common stock pursuant and/or traceable to the Offering Documents issued in connection with Firefly's initial public offering conducted on or about August 7, 2025 (the "IPO" or "Offering"); and/or (b) Firefly securities between August 7, 2025 and September 29, 2025, both dates inclusive (the "Class Period");

(b)     approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") and The Schall Law Firm ("Schall Law") as Co-Lead Counsel for the Class, and Condon Tobin Sladek Sparks Nerenberg PLLC ("Condon Tobin") as Liaison Counsel.

## INTRODUCTION AND BACKGROUND

This action was commenced on November 11, 2025 in this court against Firefly, Jason Kim, Darren Ma, Remington Wu, Jordi Paredes Garcia, Kirk Konert, Thomas Markusic, Marc Weiser, Jed McCaleb, Thomas Zurbuchen, and Christopher Emerson ("Defendants") for violations of the Exchange Act. That same day, an early notice pursuant to the PSLRA was published advising class of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Exhibit 1 to the Appendix filed herewith (the "App.").

Firefly operates as a space and defense technology company. On July 11, 2025, Firefly filed a registration statement on Form S-1 with the SEC in connection with the IPO, which, after several amendments, was declared effective by the SEC on August 6, 2025 (the "Registration Statement"). On August 8, 2025, Firefly filed a prospectus on Form 424B4 with the SEC in connection with the IPO, which incorporated and formed part of the Registration Statement (the "Prospectus" and, together with the Registration Statement, the "Offering Documents").

Firefly conducted its August 7, 2025 IPO pursuant to the Offering Documents, selling 19.296 million shares of common stock priced at $45.00 per share. One of Firefly's flagship launch vehicles is the Alpha, a two-stage rocket which Firefly claims is "the only provider of small size launch that has achieved orbit and addresses a critical gap in the market in the 1,000 kilograms category." According to the complaint, the Alpha has had a troubled development history.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOVANT DABO ZHAO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** – Page 2

According to the complaint, the Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. Additionally, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. Specifically, the Offering Documents and Defendants made false and/or misleading statements and/or failed to disclose that: (i) Firefly had overstated the demand and growth prospects for its Spacecraft Solutions offerings; (ii) Firefly had overstated the operational readiness and commercial viability of its Alpha rocket program; (iii) the foregoing, once revealed, would likely have a material negative impact on the Company; and (iv) as a result, the Offering Documents and Defendants' public statements throughout the Class Period were materially false and/or misleading and failed to state information required to be stated therein.

Then, on September 22, 2025, Firefly reported its financial results for the second quarter of 2025, its first earnings report as a public company. Among other items, Firefly reported a loss of $80.3 million, or $5.78 per share, compared to $58.7 million, or $4.60 per share, for the same quarter in 2024. Firefly also reported revenue of $15.55 million, below analyst estimates of $17.25 million and down 26.2% from the same quarter in 2024. Significantly, Firefly reported revenue of only $9.2 million in its Spacecraft Solutions business segment, representing a 49% year-over year decrease.

On this news, Firefly's stock price fell $7.58 per share, or 15.31%, to close at $41.94 per share on September 23, 2025.

A week later, on September 29, 2025, Firefly disclosed that "the first stage of Firefly's Alpha Flight 7 rocket experienced an event that resulted in a loss of the stage." Notably,

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOVANT DABO ZHAO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** – Page 3

Firefly CEO Jason Kim stated during the September 22, 2025 earnings call that the Company "expect[ed] to launch Flight 7 in the coming weeks." Following on the heels of Firefly's failed April 2025 Alpha rocket launch, the Alpha 7 test failure raised significant questions about Firefly's ability to meet its commercial launch commitments and the viability of the Company's technology.

On this news, Firefly's stock price fell $7.66 per share, or 20.73%, to close at $29.30 per share on September 30, 2025.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

**ARGUMENT**

## I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B), 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii), 15 U.S.C. § 78u-4(a)(3)(B)(iii).

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOVANT DABO ZHAO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** – Page 4

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* App., Ex 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $127,350.00 in connection with his purchases of Firefly securities. *See* App., Ex. 3 hereto. Movant is not aware of any other movant that has suffered

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOVANT DABO ZHAO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** – Page 5

greater losses in Company securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "[f]or purposes of selecting a lead plaintiff in securities class actions, the typicality and adequacy requirements of Rule 23 'are the only relevant provisions' the court must examine." *Pang v. Levitt,* No. 1:22-cv-1191-LY, 2023 WL 11999259, at *2 (W.D. Tex. Mar. 7 2023) (internal citation omitted).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims "share the same essential characteristics of the putative class," and "arise from a similar course of conduct and share the same legal theory." *See In re Cassava Scis. Inc. Sec Litig.,* 342 F.R.D. 413, 417 (W.D. Tex. 2022) (internal citation omitted); *see also In re Livent, Inc. Noteholders Sec. Litig.,*

210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the federal securities laws by issuing false and misleading statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Company securities and is, therefore, extremely motivated to pursue claims in this action.

### D.  Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely movant and should be appointed Lead Plaintiff.

Further, Movant works in healthcare services, has an MBA from The Wharton School at the University of Pennsylvania, and has been investing for ten years. Movant lives in New York, New York.

## II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Robison v. Digital Turbine, Inc.,* No. 1:22-cv-00550-DAE, 2022 WL 17881476, at *8 (W.D. Tex. Dec. 19, 2022).

Movant has selected Rosen Law and Schall Law as Co-Lead Counsel and Condon Tobin as Liaison Counsel. The firms have been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firms have an extensive history of bringing significant recoveries to investors and are experienced in the area of

securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* App., Exs. 4-6 hereto. The firms have prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Co-Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (3) approving Movant's selection of The Rosen Law Firm, P.A. and The Schall Law Firm as Co-Lead Counsel and Condon Tobin as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: January 12, 2026                     Respectfully submitted,

                                            **CONDON TOBIN SLADEK SPARKS**
                                            **  NERENBERG PLLC**

                                             */s/ Stuart L. Cochran*
                                            Stuart L. Cochran
                                            Texas Bar No.: 24027936
                                            8080 Park Lane, Suite 700
                                            Dallas, Texas 75231
                                            T: 214-265-3804
                                            F: 214-691-6311
                                            Email: scochran@condontobin.com

                                            *[Proposed] Liaison Counsel for Movant and the*
                                            *Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (pro hac vice to be filed)
Laurence M. Rosen, Esq. (pro hac vice to be filed)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

**THE SCHALL LAW FIRM**
Brian Schall, Esq. (pro hac vice to be filed)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Fax: (213) 519-5876
Email: brian@schallfirm.com

*[Proposed] Co-Lead Counsel for Movant and Class*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

 */s/ Stuart L. Cochran*
Stuart L. Cochran

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOVANT DABO ZHAO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** – Page 10