# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JANA K. DIAMOND, on behalf of herself and all others similarly situated,<br><br>     *Plaintiff*,<br><br>       v.<br><br>FIREFLY AEROSPACE INC., JASON KIM, DARREN MA, REMINGTON WU, JORDI PAREDES GARCIA, KIRK KONERT, THOMAS MARKUSIC, WEISER, JED MCCALEB, THOMAS ZURBUCHEN, AND CHRISTOPHER EMERSON,<br><br>     *Defendants*. | Case No.: 1:25-cv-1812-DAE<br><br>CLASS ACTION |

**NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF DUSTIN MOON AND ABDULLAH SAAD M. ALARIFI AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF**

**TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that class members Dustin Moon ("Moon") and Abdullah Saad M. Alarifi ("Alarifi") (together, "Movants"), by and through their counsel, will and hereby do move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B) and §77z-1(a)(3)(B), for an order: (1) appointing Moon and Alarifi Co-Lead Plaintiffs and (2) approving their selection of DiCello Levitt LLP ("DiCello Levitt") as Lead Counsel.[1]

This Motion is made on the grounds that Moon and Alarifi are the most adequate plaintiffs to serve as lead plaintiffs in the action. In support of this Motion, Movants submit herewith a Memorandum of Law and the Declaration of Francisco Guerra IV ("Guerra Decl.").

---

[1] Local Rule CV-7(g) requires a conference of counsel before filing motions. Pursuant to the PSLRA, however, any putative class member, regardless of whether it filed a complaint, may file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3). At this time, Movants cannot know if anyone else plans to seek appointment as lead plaintiff until after January 12, 2026, the date by which all lead plaintiff motions must be filed. Accordingly, Movants request that the Court waive the Local Rule CV-7(g) conferral requirement.

# Table of Contents

I.    INTRODUCTION .................................................................................................... 1

II.   PRELIMINARY STATEMENT ............................................................................. 2

III.  ARGUMENT .......................................................................................................... 3

    A.   Movants Should Be Appointed Co-Lead Plaintiffs .......................................... 3

        1.   Movants' Motion Is Timely ...................................................................... 4

        2.   Movants Have a Substantial Financial Interest in the Relief Sought by the Class . 4

        3.   Movants Are Typical and Adequate of the Putative Class ..................... 4

    B.   The Court Should Approve Movants' Selection of Counsel ............................ 6

IV.   CONCLUSION....................................................................................................... 7

i

**MEMORANDUM OF LAW**

## I.    INTRODUCTION

On November 11, 2025, Jana K. Diamond filed a securities class action against Firefly Aerospace Inc. ("Firefly" or the "Company") and certain of its senior executives (collectively, "Defendants") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act").[2] ECF 1 at ¶¶1, 77-106. The first-filed *Diamond* action was brought on behalf of all persons who: (1) purchased or acquired Firefly securities between August 7, 2025 and September 29, 2025 and/or (2) purchased common stock pursuant and/or traceable to the Company's registration statement and prospectus (the "Offering Documents") issued in connection with the Company's initial public offering ("IPO") on or about August 7, 2025 (the "Class Period"). ECF 1 at ¶¶1, 68.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant or group of movants "most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii).

Here, Movants suffered significant losses as a result of their purchases of Firefly common stock during the Class Period, and they otherwise satisfy Rule 23's typicality and adequacy requirements. Moreover, DiCello Levitt, Movants' chosen counsel, has substantial experience in prosecuting class actions and should be approved as Lead Counsel. As such, Movants respectfully submit that their motion should be granted.

---

[2] This action alleges causes of action under the Securities Act of 1933 and the Securities Exchange Act of 1934. The lead plaintiff provisions under the Securities Act (15 U.S.C. §77z-1 *et seq*.) are identical to those under the Exchange Act (15 U.S.C. §78u-4 *et seq*.). For ease of reference, Movants cite to the Exchange Act throughout this memorandum.

## II.    PRELIMINARY STATEMENT

Firefly is an American aerospace company based in Cedar Park, Texas that develops small- and medium-lift launch vehicles for commercial launches to orbit. Operating through two business segments, Launch and Spacecraft Solutions, Firefly purports to enable government and commercial customers to "launch, land, and operate in space – anywhere, anytime." One of Firefly's flagship products is the Alpha rocket. The Alpha is a 95-foot-tall expendable rocket designed to provide low-cost rides for mid-sized satellites, carrying payloads up to 2,866 pounds for the price of $15 million per launch. Alpha has had a mixed launch history since 2021, with four of six launches ending in failure by late 2025. In April 2025, the Federal Aviation Administration required an investigation following a mishap and paused further launches until August 2025.

The Complaint filed in this action alleges that the Company sought to allay concerns about its operational challenges and assure the market that the Alpha rocket is both "flight proven" and "commercially available," leading up to and in connection with its August 7, 2025 IPO priced at $45.00 per share. Specifically, the Offering Documents and Defendants misled investors by failing to disclose that Firefly had overstated the demand and growth prospects for its Spacecraft Solutions offerings, as well as the operational readiness and commercial viability of its Alpha rocket program.

Investors began to learn the truth through a series of partial disclosures in September 2025. On September 22, 2025, Firefly reported in its financial results for the second quarter of 2025: a loss of $80.3 million, revenue of $15.55 million (down 26.2% from the same quarter last year), and only $9.2 million revenue in its Spacecraft Solutions business segment, representing a 49% year-over-year decrease. On this news, Firefly's stock price fell $7.58 per share, or 15.31%, to close at $41.94 per share on September 23, 2025. On September 29, 2025, Firefly disclosed that it "experienced an event that resulted in a loss of the stage" after the Alpha booster exploded during

2

a preflight trial of its seventh flight ("Alpha 7"). On the heels of Firefly's failed April 2025 Alpha rocket launch, the Alpha 7 test failure raised significant questions about the viability of Firefly's technology and its ability to maintain a reliable commercial launch schedule. On this news, Firefly's stock price fell $7.66 per share, or 20.73%, to close at $29.30 per share on September 30, 2025.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movants and other Class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   Movants Should Be Appointed Co-Lead Plaintiffs

The PSLRA establishes the procedure for selecting the lead plaintiff in class actions arising under the federal securities laws. *See* 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the plaintiff who files the action must publish notice within twenty days of filing the action, informing class members of: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the purported class period; and (iv) the right to move the Court to be appointed as lead plaintiff within sixty days of the publication of the notice. 15 U.S.C. §78u-4(a)(3)(A)(i).

Second, the PSLRA provides that the Court shall consider any timely motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is:

the person or group of persons that-

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Movants meet each of these requirements and should be appointed Co-Lead Plaintiffs.

Movants should be appointed Co-Lead Plaintiffs because they have timely filed this motion for appointment as Co-Lead Plaintiffs, have the largest financial interest in the Action to their knowledge, and otherwise strongly satisfy the requirements of Rule 23.

### 1. Movants' Motion Is Timely

On November 11, 2025, a notice was published on published on *Access Newswire*, pursuant to the PSLRA advising Firefly investors of the 60-day deadline to move the Court to be appointed as lead plaintiff by no later than January 12, 2026. *See* Guerra Decl., Ex. A. Because this Motion is being filed on January 12, it is timely and Movants are entitled to be considered for appointment as Co-Lead Plaintiffs.

### 2. Movants Have a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by their PSLRA Certifications and accompanying loss charts, Movants suffered losses of approximately $14,052 on a LIFO basis in connection with their Class Period transactions in Firefly common stock relating to the claims brought pursuant to the Exchange Act. In addition, Moon suffered losses of approximately $5,126 relating to the claims brought pursuant to the Securities Act based on his purchases of Firefly shares pursuant and/or traceable to the Company's Offering Documents. *See* Guerra Decl., Exs. B-C. Therefore, Movants have a substantial financial interest in the relief sought by the Class.

### 3. Movants Are Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the

representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). Typicality asks whether "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is achieved where the proposed lead plaintiff's claims "share the same essential characteristics of the putative class," and "[i]f the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *In re Cassava Scis. Inc. Sec. Litig.*, 342 F.R.D. 413, 417 (W.D. Tex. 2022) (quoting *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001)).

Movants' claims are typical of those of the Class. They, like all other class members: (1) purchased or acquired Firefly securities during the Class Period; (2) were adversely affected by Defendants' false and misleading statements; and (3) suffered damages therefrom. Thus, Movants' claims are typical of those of other class members because their claims and the claims of other class members arise out of the same course of events and are based on the same legal theories.

Movants likewise satisfy the adequacy requirement of Rule 23. The adequacy requirement inquires whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts consider three factors when adjudging the adequacy of named plaintiffs: "(1) the zeal and competence of the representatives' counsel; (2) the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees; and (3) the risk of conflicts of interest between the named plaintiffs and the class they seek to represent." *Angell v. GEICO Advantage Ins. Co.,* 67 F.4th 727, 736 (5th Cir. 2023) (internal quotations omitted).

Here, Movants have a substantial stake in the outcome of the case, providing incentive to vigorously represent the Class's claims. Movants' interests are aligned with the interests of the putative class and there is no evidence of any antagonism between their interests and those of the class. And, as discussed below, Movants have selected qualified counsel experienced in securities class action litigation. Further demonstrating their adequacy, Movants have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their

understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them have and will continue to take to cooperatively and effectively prosecute this litigation on behalf of the Class. Guerra Decl., Ex. D.

Accordingly, Movants have made the requisite showing of typicality and adequacy, and the Court should appoint them Co-Lead Plaintiffs for the Class.

**B.      The Court Should Approve Movants' Selection of Counsel**

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v). This Court "should not disturb [the lead plaintiff's] choice of counsel unless it is necessary to 'protect the interests of the class.'" *Robison v. Digital Turbine, Inc.*, No. 1:22-cv-00550-DAE, 2022 WL 17881476, at *8 (W.D. Tex. Dec. 19, 2022) (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa)).

In this case, Movants have selected DiCello Levitt to serve as Lead Counsel for the class. *See generally* Guerra Decl., Exs. D-F. DiCello Levitt attorneys are highly experienced in litigating complex securities class actions. Guerra Decl., Ex. F. *See, e.g.*, *Saleh v. AstraZeneca PLC, et al.*, No. 2:24-cv-11021-JFW-AS, ECF No. 40, at 8 (C.D. Cal. Mar. 21, 2025) ("DiCello has extensive expertise and experience in the field of securities litigation and has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors.") (Guerra Decl., Ex. E); *United Ass'n of Plumbers & Pipefitters, Journeymen, Loc. #38 Defined Benefit Pension Plan v. Syneos Health, Inc.*, No. 1:23-cv-6548-AS, 2023 WL 6622547, at *2 (S.D.N.Y. Oct. 11, 2023) (finding that DiCello Levitt "has the knowledge, experience, and resources to serve as lead counsel here"). For example, DiCello Levitt attorneys have led or played a critical role in securing billions of dollars in recoveries in securities fraud class and individual actions, including, among others, *Jones, et al., v. Pfizer Inc., et al.*, No. 1:10-cv-3864 (S.D.N.Y.) ($400 million recovery); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-575 (S.D. Ohio) ($600 million recovery); *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-2122 (D. Kan.) ($131 million

6

recovery); *In re CIT Grp. Inc. Sec. Litig.*, No. 1:08-cv-06613 (S.D.N.Y.) ($75 million recovery); and *In re MGM Mirage Sec. Litig.*, No. 2:09-cv-1558 (D. Nev.) ($75 million recovery).

Based upon DiCello Levitt's extensive experience and proven track record as counsel in securities class actions, Movants' selection of DiCello Levitt as Lead Counsel is reasonable and should be approved.

## IV.    CONCLUSION

For the foregoing reasons, Moon and Alarifi respectfully request that the Court issue an Oder appointing Movants as Co-Lead Plaintiffs for the Class and approve their selection of DiCello Levitt as Lead Counsel.

 DATED:  January 12, 2026

*s/ Francisco Guerra IV*
FRANCISCO GUERRA IV

**GUERRA LLP**
Francisco Guerra IV
Michael Montaño
875 East Ashby Place, Suite 1200
San Antonio, TX  78212
Tel.: (210) 447-0500
fguerra@guerrallp.com
mmontano@guerrallp.com

*Proposed Local Counsel for Movants and the Class*

**DiCELLO LEVITT LLP**
Brian O. O'Mara (*pro hac vice* forthcoming)
Henry Rosen (*pro hac vice* forthcoming)
4747 Executive Dr., Suite 240
San Diego, CA  92121
Tel.: (619) 923-3939
briano@dicellolevitt.com
hrosen@dicellolevitt.com

**DiCELLO LEVITT LLP**
Jarett Sena (*pro hac vice* forthcoming)
485 Lexington Avenue, Suite 1001
New York, NY  10017
Tel.: (646) 933-1000
jsena@dicellolevitt.com

*Counsel for Movants and Proposed Lead Counsel for the Class*

**MORRIS KANDINOV LLP**
Leonid Kandinov
550 West B Street, 4th Floor
San Diego, CA  92101
Tel.: (619) 780-3993
leo@moka.law

*Proposed Additional Counsel for Movants and the Class*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 12, 2026, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system.

*s/ Francisco Guerra IV*
FRANCISCO GUERRA IV

**GUERRA LLP**
Francisco Guerra IV
Michael Montaño
875 East Ashby Place, Suite 1200
San Antonio, TX  78212
Tel.: (210) 447-0500
fguerra@guerrallp.com