UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JANA K. DIAMOND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FIREFLY AEROSPACE INC., JASON KIM, DARREN MA, REMINGTON WU, JORDI PAREDES GARCIA, KIRK WEISER, JEDMCCALEB, THOMAS ZURBUCHEN, and CHRISTOPHER EMERSON,<br><br>Defendants. | Case No. 1:25-cv-01812-DAE |

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF XUHAO ZHOU FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF COUNSEL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ....................................................................................................................... 5

I.      ZHOU SHOULD BE APPOINTED LEAD PLAINTIFF ................................................. 5

        A.      Zhou Is Willing to Serve as Class Representative ................................................... 6

        B.      Zhou Has the "Largest Financial Interest" in the Action ....................................... 7

        C.      Zhou Otherwise Satisfies the Requirements of Rule 23 ......................................... 8

        D.      Zhou Will Fairly and Adequately Represent the Interests of the Class and Is Not
                Subject to Unique Defenses ..................................................................................... 11

II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ......... 11

CONCLUSION................................................................................................................... 13

COMPLIANCE WITH LOCAL RULE CV-7(g)........................................................... 14

CERTIFICATE OF SERVICE ......................................................................................... 15

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re BP, PLC Sec. Litig.*,
  758 F. Supp. 2d 428 (S.D. Tex. 2010) ......................................................................7

*Bremer v. Solarwinds Corp.*,
  2021 WL 2668827 (W.D. Tex. Mar. 11, 2021) .......................................................11

*Buettgen v. Harless*,
  263 F.R.D. 378 (N.D. Tex. 2009) ..........................................................................7, 9

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001).......................................................................................7

*In re Comverse Tech., Inc. Sec. Litig.*,
  No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) .........7

*In re Comverse Technology, Inc. Securities Litigation*,
  No. 1:06-cv-01825 (E.D.N.Y.) ................................................................................12

*In re Enron Corp. Sec. Litig.*,
  206 F.R.D. 427 (S.D. Tex. 2002)............................................................................7, 9

*Giovagnoli v. Globalscape, Inc.*,
  Civil Action No. SA-17-CV-753-XR, 2017 WL 11220692 (W.D. Tex. Nov. 6,
  2017) .....................................................................................................................7, 10

*Hohenstein v. Behringer Harvard Reit I, Inc.*,
  No. 3:12-CV-3772-G, 2012 WL 6625382 (N.D. Tex. Dec. 20, 2012)................8, 11

*James v. City of Dallas, Tex.*,
  254 F.3d 551 (5th Cir. 2001) .....................................................................................9

*Klein v. Altria Group, Inc. et al*,
  No. 3:20-cv-00075 (E.D. Va.) ..................................................................................12

*Lax v. First Merchants Acceptance Corp.*,
  Nos. 97 C 2715 *et al.*, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ...........................7

*Makhlouf v. Tailored Brands, Inc.*,
  No. H-16-0838, 2017 WL 1092311 (S.D. Tex. Mar. 23, 2017) ..............................11

*Marcus v. J.C. Penney Co.*,
  No. 6:13-CV-736, 2014 WL 11394911 (E.D. Tex. Feb. 28, 2014).......................7, 8

*Mullen v. Treasure Chest Casino, LLC*,
    186 F.3d 620 (5th Cir. 1999) ........................................................................................10

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) .................................................................................7

*In re Petrobras Securities Litigation*,
    No. 14-cv-09662 (S.D.N.Y.).........................................................................................12

*Ramzan v. GDS Holdings, Ltd.*,
    No. 4:18CV539-ALM-KPJ, 2018 WL 10780485 (E.D. Tex. Oct. 26, 2018).........................10

*Shiqiang Chen v. NQ Mobile*,
    No. 4:18-CV-00096, 2018 WL 2441589 (E.D. Tex. May 31, 2018) ...................................8, 9

*Singh v. 21 Vianet Grp., Inc.*,
    No. 2:14-cv-894-JRG-RSP, 2015 WL 5604385 (E.D. Tex. Sept. 21, 2015).........................8, 9

*Stein v. Match Group, Inc.*,
    No. 16-cv-549-L, 2016 WL 3194334 (N.D. Tex. June 9, 2016) ...............................................9

## Statutes

15 U.S.C. § 77z-1........................................................................................... *passim*

15 U.S.C. § 78u-4 ........................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ................................................. *passim*

## Other Authorities

Fed. R. Civ. P. 23............................................................................................ *passim*

Local Civ. R. CV-7(g) ........................................................................................14

TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that Xuhao Zhou ("Zhou"), by and through his counsel, will and does hereby move this Court, pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Zhou as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired (a) Firefly Aerospace Inc. ("Firefly" or the "Company") common stock pursuant and/or traceable to the Offering Documents (defined below) issued in connection with the Company's initial public offering conducted on or about August 7, 2025 (the "IPO" or "Offering"); and/or (b) Firefly securities between August 7, 2025 and September 29, 2025, both dates inclusive (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and The Briscoe Law Firm, PLLC ("BLF") as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") disseminated a materially false or misleading registration statement to investors in violation of the Securities Act, as well as defrauded investors in violation of the Exchange Act.  Firefly investors, including Zhou, incurred significant losses following the disclosure of the alleged wrongful conduct, which caused Firefly's share price to fall sharply, damaging Zhou and other Firefly investors.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the Action and who satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").   15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-

1

4(a)(3)(B)(iii)(I).  Pursuant and/or traceable to the Offering Documents (as defined below) issued in connection with the IPO, and/or during the Class Period, Zhou purchased 1,350 shares of Firefly securities, expended $93,922, net, on these purchases, and as a result of Defendants' alleged wrongful conduct, incurred losses of approximately $95,345.  *See* Declaration of J. Alexander Hood II in Support of Motion ("Hood Decl."), Exhibit ("Ex.") A.  Accordingly, Zhou believes that he has the largest financial interest in the relief sought in the Action.  Beyond his considerable financial interest, Zhou also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his responsibilities as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Zhou has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  Zhou has also selected the highly respected law firm BLF, which, as reflected in its firm resume, has significant experience in complex and securities matters, to serve as Liaison Counsel for the Class.

Accordingly, Zhou respectfully requests that the Court enter an order appointing Zhou as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel and BLF as Liaison Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint, Firefly operates as a space and defense technology company and purports to "provid[e] mission solutions for national security, government, and commercial customers with an established track record for success."  Complaint ¶ 2.  Operating through two

2

business segments, Launch and Spacecraft Solutions, Firefly purports to "enable[] government and commercial customers to launch, land, and operate in space – anywhere, anytime." *Id.*

One of Firefly's flagship launch vehicles is the Alpha, a two-stage rocket which the Company claims is "the only provider of small size launch that has achieved orbit and addresses a critical gap in the market in the 1,000 kilograms category." *Id.* ¶ 3. The Alpha rocket has had a troubled development history. *Id.* ¶ 4. Of the Alpha rocket's six attempted flights, four have ended in failure, with the Alpha failing to achieve its intended orbit or exploding within minutes of launch in each instance. *Id.* After Firefly's sixth attempted flight of the Alpha rocket failed on April 29, 2025, the Federal Aviation Administration ("FAA") ordered Firefly to investigate the root cause of this failure, identify the corrective actions necessary to avoid repeating it, and submit a report detailing its findings. *Id.* The FAA also prohibited Firefly from conducting further attempts to launch the Alpha rocket until it reviewed and accepted Firefly's completed investigation report. *Id.* Nevertheless, at all relevant times, Firefly has sought to reassure investors that the Alpha rocket is both "flight proven" and "commercially available." *Id.* ¶ 5.

On July 11, 2025, Firefly filed a registration statement on Form S-1 with the U.S. Securities and Exchange Commission ("SEC") in connection with the IPO, which, after several amendments, was declared effective by the SEC on August 6, 2025 (the "Registration Statement"). *Id.* ¶ 6. On August 8, 2025, Firefly filed a prospectus on Form 424B4 with the SEC in connection with the IPO, which incorporated and formed part of the Registration Statement (the "Prospectus" and, together with the Registration Statement, the "Offering Documents"). *Id.* ¶ 7. Firefly conducted its August 7, 2025 IPO pursuant to the Offering Documents, selling 19.296 million shares of common stock priced at $45.00 per share. *Id.* ¶ 8.

The Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. *Id.* ¶ 9. Additionally, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. *Id.* Specifically, the Offering Documents and Defendants made false and/or misleading statements and/or failed to disclose that: (i) Firefly had overstated the demand and growth prospects for its Spacecraft Solutions offerings; (ii) Firefly had overstated the operational readiness and commercial viability of its Alpha rocket program; (iii) the foregoing, once revealed, would likely have a material negative impact on the Company; and (iv) as a result, the Offering Documents and Defendants' public statements throughout the Class Period were materially false and/or misleading and failed to state information required to be stated therein. *Id.*

On September 22, 2025, Firefly reported its financial results for the second quarter of 2025, its first earnings report as a public company. *Id.* ¶ 10. Among other items, Firefly reported a loss of $80.3 million, or $5.78 per share, compared to $58.7 million, or $4.60 per share, for the same quarter in 2024. *Id.* Firefly also reported revenue of $15.55 million, below analyst estimates of $17.25 million and down 26.2% from the same quarter in 2024. *Id.* Significantly, Firefly reported revenue of only $9.2 million in its Spacecraft Solutions business segment, representing a 49% year-over-year decrease. *Id.*

On this news, Firefly's stock price fell $7.58 per share, or 15.31%, to close at $41.94 per share on September 23, 2025. *Id.* ¶ 11.

Less than one week later, on September 29, 2025, Firefly disclosed that "the first stage of Firefly's Alpha Flight 7 rocket experienced an event that resulted in a loss of the stage." *Id.* ¶ 12.

Notably, Firefly Chief Executive Officer Jason Kim stated during the September 22, 2025 earnings call that the Company "expect[ed] to launch Flight 7 in the coming weeks." *Id.* Following on the heels of Firefly's failed April 2025 Alpha rocket launch, the Alpha 7 test failure raised significant questions about Firefly's ability to meet its commercial launch commitments and the viability of the Company's technology. *Id.*

On this news, Firefly's stock price fell $7.66 per share, or 20.73%, to close at $29.30 per share on September 30, 2025. *Id.* ¶ 13.

As of the time the Complaint was filed, Firefly's stock price continued to trade significantly below the $45.00 per share Offering price, damaging investors. *Id.* ¶ 14.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the Plaintiff in the Action and other Class members have suffered significant losses and damages. *Id.* ¶ 15.

**ARGUMENT**

## I.    ZHOU SHOULD BE APPOINTED LEAD PLAINTIFF

Zhou should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Action to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. §§ 77z-1(a)(3)(A)(i), 78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days

5

after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* §§ 77z-1(a)(3)(B), 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).

As set forth below, Zhou satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A. Zhou Is Willing to Serve as Class Representative

On November 11, 2025, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *ACCESS Newswire* pursuant to Sections 27(a)(3)(A)(i) and 21D(a)(3)(A)(i) of the PSLRA, which announced that this Action had been filed on behalf of Firefly investors, and which advised investors in Firefly securities that they had until January 12, 2026—*i.e.*, sixty days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Hood Decl., Ex. B.

Zhou has filed the instant motion pursuant to the Notice and has attached a sworn Certification executed by him attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Zhou satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B.    Zhou Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii).

To the best of his knowledge, Zhou has the largest financial interest of any Firefly investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under the federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these *Lax* factors have been adopted by courts in the Fifth Circuit, including in this District specifically.  *See, e.g.*, *Giovagnoli v. Globalscape, Inc.*, Civil Action No. SA-17-CV-753-XR, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017); *Marcus v. J.C. Penney Co.*, No. 6:13-CV-736, 2014 WL 11394911, at *3-4 (E.D. Tex. Feb. 28, 2014); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 433 (S.D. Tex. 2010); *Buettgen v. Harless*, 263 F.R.D. 378, 380 (N.D. Tex. 2009); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002).  Of the *Lax* factors, courts in the Fifth Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Giovagnoli*, 2017 WL 11220692, at *3 ("Courts consistently consider the fourth factor—the approximate losses suffered—as most [] determinative to identify the plaintiff with the largest financial loss.").

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *7-8 (E.D.N.Y. Mar. 2, 2007).

Pursuant and/or traceable to the Offering Documents issued in connection with the IPO, and/or during the Class Period, Zhou purchased 1,350 shares of Firefly securities, expended $93,922, net, on these purchases, and as a result of Defendants' alleged wrongful conduct, incurred losses of approximately $95,345. *See* Hood Decl., Ex. A. To the extent that Zhou possesses the largest financial interest in the outcome of this litigation, Zhou is the presumptive "most adequate" plaintiff. 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(bb), 78u-4(a)(3)(B)(iii)(I)(bb).

**C.     Zhou Otherwise Satisfies the Requirements of Rule 23**

Sections 27(a)(3)(B)(iii)(I)(cc) and 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provide that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Singh v. 21 Vianet Grp., Inc.*, No. 2:14-cv-894-JRG-RSP, 2015 WL 5604385, at \*1-2 (E.D. Tex. Sept. 21, 2015); *Hohenstein v. Behringer Harvard Reit I, Inc.*, No. 3:12-CV-3772-G, 2012 WL 6625382, at \*2 (N.D. Tex. Dec. 20, 2012). Moreover, "'[f]or the purposes of the lead plaintiff analysis, only the typicality and adequacy prongs of Rule 23 are relevant.'" *Shiqiang Chen v. NQ Mobile*, No. 4:18-CV-00096, 2018 WL 2441589, at \*2 (E.D. Tex. May 31, 2018) (quoting *Marcus*,

8

2014 WL 11394911, at *5 (citing *Buettgen*, 263 F.R.D. at 381)); *Singh*, 2015 WL 5604385, at *2 ("When naming a lead plaintiff, a court considers only typicality and adequacy."); *Enron*, 206 F.R.D. at 441.

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's claims have "the same essential characteristics as those of the other proposed class members." *Shiqiang*, 2018 WL 2441589, at *2; *Stein v. Match Group, Inc.*, No. 16-cv-549-L, 2016 WL 3194334, at *5 (N.D. Tex. June 9, 2016). "'Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.'" *James v. City of Dallas, Tex.*, 254 F.3d 551, 571 (5th Cir. 2001) (quoting 5 James Wm. Moore, *et al.*, *Moore's Federal Practice* ¶ 23.24[4] (3d ed. 2000)).

Zhou's claims are typical of those of the Class. Zhou alleges, like other Class members, that Defendants violated the Securities Act and Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Firefly and/or by omitting to disclose material facts to make the statements they did make not misleading. Zhou, like other Class members, purchased or otherwise acquired Firefly securities during the Class Period and/or pursuant and/or traceable to the Offering Documents in connection with the IPO issued at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Firefly's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

9

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Ramzan v. GDS Holdings, Ltd.*, No. 4:18CV539-ALM-KPJ, 2018 WL 10780485, at *3 (E.D. Tex. Oct. 26, 2018); *Giovagnoli*, 2017 WL 11220692, at *4 ("A proposed lead plaintiff is an adequate representative by showing zeal and competence of the representative's counsel, and a willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees."); *see also Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625-26 (5th Cir. 1999) (indicating that "[d]ifferences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests").

Zhou is an adequate representative for the Class. As set forth in greater detail below, in Pomerantz and BLF, Zhou has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz and BLF to the Court for approval as Lead Counsel and Liaison Counsel for the Class, respectively, pursuant to 15 U.S.C. §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Zhou's interests and the interests of the Class. Moreover, Zhou has submitted a sworn Certification declaring his commitment to protect the interests of the Class (*see* Hood Decl., Ex. C), and the significant losses incurred by Zhou demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Further demonstrating his adequacy, Zhou has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his experience retaining and/or overseeing counsel, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to

10

seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See id.*, Ex. D.

### D. Zhou Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Zhou as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II); 78u-4(a)(3)(B)(iii)(II).

Zhou's ability and desire to fairly and adequately represent the Class has been discussed above.  Zhou is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Zhou should be appointed Lead Plaintiff for the Class.

## II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v).  The Court should interfere with lead plaintiff's choice only if necessary to "protect the interests of the class." *Id.* §§ 77z-1(a)(3)(B)(iii)(II)(aa), 78u-4(a)(3)(B)(iii)(II)(aa); *see also Bremer v. Solarwinds Corp.*, 2021 WL 2668827, at \*2 (W.D. Tex. Mar. 11, 2021); *Makhlouf v. Tailored Brands, Inc.*, No. H-16-0838, 2017 WL 1092311, at \*3 (S.D. Tex. Mar. 23, 2017); *Hohenstein*, 2012 WL 6625382, at \*4.

Here, Zhou has selected Pomerantz as Lead Counsel and BLF as Liaison Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on

11

behalf of investors, as detailed in its firm resume submitted herewith. *See* Hood Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *Id.*

BLF is likewise well-qualified to serve as Liaison Counsel for the Class. As its firm resume reflects, BLF maintains offices in Dallas and Houston, Texas, and the firm specializes in securities class action matters, among other practice areas. *See id.*, Ex. F. BLF has experience in achieving substantial recoveries in class actions, and its attorneys have extensive familiarity with the Local Civil Rules and practice norms of this District.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Action, Zhou's counsel, Pomerantz and BLF, have the skill, knowledge, expertise, and experience that will enable these firms to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Zhou's selection of Pomerantz as Lead Counsel and BLF as Liaison Counsel, the members of the Class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Zhou respectfully requests that the Court issue an Order: (1) appointing Zhou as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel and BLF as Liaison Counsel for the Class.

Dated:  January 12, 2026

Respectfully submitted,

*/s/ J. Alexander Hood II*
J. ALEXANDER HOOD II
(admitted *pro hac vice*)
POMERANTZ LLP
Jeremy A. Lieberman
(admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
ahood@pomlaw.com
jalieberman@pomlaw.com

*Counsel for Xuhao Zhou and*
*Proposed Lead Counsel for the Class*

THE BRISCOE LAW FIRM, PLLC
Willie C. Briscoe
State Bar Number 24001788
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: (972) 521-6868
Facsimile: (281) 254-7789
wbriscoe@thebriscoelawfirm.com

*Counsel for Xuhao Zhou and*
*Proposed Liaison Counsel for the Class*

13

**COMPLIANCE WITH LOCAL RULE CV-7(g)**

Zhou is aware of Local Rule CV-7(g), which provides, in relevant part: "The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made." Here, pursuant to the PSLRA, the deadline to file a motion for appointment as Lead Plaintiff in the Action is January 12, 2026, on which date any member of the putative Class may so move. *See* 15 U.S.C. §§ 77z-1(a)(3)(A)(i)(I)-(II), 78u-4(a)(3)(A)(i)(I)-(II). Zhou will thus not know the identities of the other putative Class members who intend to file competing Lead Plaintiff motions until January 13, 2026—the day after the statutory deadline—making conferral to resolve the matter by agreement prior to the filing of Zhou's motion papers impracticable. Under these circumstances, Zhou respectfully requests that compliance with Local Rule CV-7(g) be waived in this instance.

## CERTIFICATE OF SERVICE

This is to certify that on January 12, 2026, I have caused to be filed the above and foregoing on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

/s/ J. Alexander Hood II
J. ALEXANDER HOOD II

15