**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| JANA K. DIAMOND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FIREFLY AEROSPACE INC., JASON KIM, DARREN MA, REMINGTON WU, JORDI PAREDES GARCIA, KIRK KONERT, THOMAS MARKUSIC, MARC WEISER, JED MCCALEB, THOMAS ZURBUCHEN, and CHRISTOPHER EMERSON,<br><br>Defendants. | Case No.: 1:25-cv-01812-DAE |

**MOVANT JULIAN PETROULAS' OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ..................................................................................... 1

II.   ARGUMENT ............................................................................................................. 2

   A.   The PSLRA Process ......................................................................................... 2

   B.   Financial Interest Is Measured Using Recoverable Losses In The Litigation. .................. 3

   C.   The Court Should Appoint Mr. Petroulas As Lead Plaintiff. ........................................... 3

III.  CONCLUSION ......................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Buettgen v. Harless*,
    263 F.R.D. 378 (N.D. Tex. 2009) ................................................................................ 3

*In re Cobalt Int'l Energy, Inc. Sec. Litig.*,
    No. H-14-3428, 2017 U.S. Dist. LEXIS 91938 (S.D. Tex. 2017) ............................. 4

*In re Enron Corp., Sec. Litig.*,
    206 F.R.D. 427 (S.D. Tex. 2002) ............................................................................... 3

*Kakkar v. Bellicum Pharm., Inc.,*
    No. 4:18-CV-00338, 2019 U.S. Dist. LEXIS 50704 (S.D. Tex. Mar. 26, 2019) ...................... 6

*In re Lease Oil Antitrust Litig.,*
    186 F.R.D. 403 (S.D. Tex. 1999) ............................................................................... 5

*In re OCA, Inc.,*
    No: 05-2165 SECTION R(3), 2008 U.S. Dist. LEXIS 84869 (E.D. La. 2008) ........................ 4

*In re Plains All Am. Pipeline, L.P. Sec. Litig.,*
    No H:15-cv-02404, 2015 U.S. Dist. LEXIS 163811 (S.D. Tex. 2015) ..................... 4

*Stein v. Match Grp., Inc.,*
    No. 3:16-cv-549-L, 2016 U.S. Dist. LEXIS 74995 (N.D. Tex. 2016) ...................... 3

*Stirman v. Exxon Corp.,*
    280 F.3d 554 (5th Cir. 2002) ..................................................................................... 4

*Tarica v. McDermott Int'l, Inc.,*
    No: 99-3831 SECTION: "R"(5), 2000 U.S. Dist. LEXIS 5031 (E.D. La. 2000) ..................... 5

**Statutes**

15 U.S.C. §78u-4 ............................................................................................... 1, 2, 3, 5, 6

15 U.S.C. § 77z-1 .............................................................................................. 1, 2, 3, 5, 6

**Rules**

Fed. R. Civ. P. 23 ............................................................................................... *passim*

**Other Authorities**

7A Wright & Miller, Federal Practice and Procedure § 1764 (2008) ........................................... 4

S. Rep. No. 104-98 (1995) .......................................................................................................... 2

Case 1:25-cv-01812-DAE    Document 23    Filed 01/20/26    Page 4 of 12

## I.    PRELIMINARY STATEMENT

Movant Julian Petroulas respectfully submits this memorandum of law in opposition to the competing motions for lead plaintiff and appointment of lead counsel. Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), courts are required to appoint a "lead plaintiff" and "lead counsel" at the outset of every class action securities fraud lawsuit under the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"). 15 U.S.C. § 77z-1(a)(3) and 15 U.S.C. §78u-4(a)(3). The "lead plaintiff" is by statute the movant with the "largest financial interest" in the action who also satisfies the typicality and adequacy requirements of Rule 23. That movant is Mr. Petroulas.

Courts within this District and throughout the country evaluate "financial interest" based on approximate recoverable loss under the securities laws. Mr. Petroulas has the "largest financial interest" in the litigation relative to any other shareholder:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Julian Petroulas | 159,402 | 159,402 | $9,362,936.54 | $5,656,582.94 |
| Prakash Vasudeva Bhat | 8,000 | 8,000 | $369,320.00 | $202,123.11 |
| Dabo Zhao | 3,000 | 3,000 | $208,500.00 | $127,350.00 |
| Xuhao Zhou | 1,350 | 1,339 | $93,921.62 | $62,788.00 |
| Dustin Moon and Abdullah Saad M. Alarifi | 776 | 472 | $25,027.11 | $14,052.35 |

*See* ECF Nos. 18-4; 19-3; 20-5; 21-4; and 22-2.

Mr. Petroulas is the movant with the "largest financial interest" in the litigation. With $5,656,582.94 of potentially recoverable losses, Mr. Petroulas has a strong incentive to vigorously represent the class's claims. Mr. Petroulas also makes the requisite prima facie showing of

adequacy and typicality under Rule 23 for the purposes of triggering the PSLRA's lead plaintiff presumption.

Mr. Petroulas' evidentiary showing on the motion is sufficient to trigger the PSLRA's presumption of "most adequate plaintiff" to serve as lead plaintiff. None of the other movants will be able to rebut that presumption. Accordingly, Mr. Petroulas respectfully requests that his motion be granted in its entirety.

## II.    ARGUMENT

### A.    The PSLRA Process

The PSLRA sets forth the procedure for the selection of a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as Lead Plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 77z-1(a)(3)(A)(i) and 15 U.S.C. §78u-4(a)(3)(A)(i). This straightforward leadership selection provides that the "person or group of persons" with the largest loss is the presumptive lead plaintiff and must be appointed lead so long as it is otherwise adequate and typical within the meaning of Rule 23. 15 U.S.C. § 77z-1(a)(3)(B)(i) and (iii)(I)(bb)-(cc); 15 U.S.C. §78u–4(a)(3)(B)(i) and (iii)(I)(bb)-(cc). Congress created the lead plaintiff presumption because it believed that the movant with the largest loss would be most incentivized to actively prosecute the securities class action and monitor counsel. *See* S. Rep. No. 104-98, at 4 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 683 (Congress sought "to empower investors so that they – not their lawyers – exercise primary control over private securities litigation.").

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class

2

that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3) (B)(iii)(II) and 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

**B.      Financial Interest Is Measured Using Recoverable Losses In The Litigation.**

Courts throughout the Fifth Circuit rely "the approximate losses suffered by the plaintiffs" when comparing financial interests. *See Stein v. Match Grp., Inc.,* No. 3:16-cv-549-L, 2016 U.S. Dist. LEXIS 74995, at *11 (N.D. Tex. 2016); *Buettgen v. Harless*, 263 F.R.D. 378, 380 (N.D. Tex. 2009); *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002). Using each movant's "approximate loss[]," Mr. Petroulas possesses the "largest financial interest" in the litigation, as shown in the following table:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Julian Petroulas | 159,402 | 159,402 | $9,362,936.54 | $5,656,582.94 |
| Prakash Vasudeva Bhat | 8,000 | 8,000 | $369,320.00 | $202,123.11 |
| Dabo Zhao | 3,000 | 3,000 | $208,500.00 | $127,350.00 |
| Xuhao Zhou | 1,350 | 1,339 | $93,921.62 | $62,788.00 |
| Dustin Moon and Abdullah Saad M. Alarifi | 776 | 472 | $25,027.11 | $14,052.35 |

*See* ECF Nos. 18-4; 19-3; 20-5; 21-4; and 22-2.

**C.      The Court Should Appoint Mr. Petroulas As Lead Plaintiff.**

In addition to possessing the greatest financial interest, Mr. Petroulas satisfies the typicality and adequacy requirements of Rule 23. Mr. Petroulas is identically situated to, and therefore typical of, the rest of the class. The circumstances surrounding his losses are not "markedly

different" from the absent class members. *See In re OCA, Inc.,* No: 05-2165 SECTION R(3), 2008 U.S. Dist. LEXIS 84869, at *27-28 (E.D. La. 2008) (citing 7A Wright & Miller, Federal Practice and Procedure § 1764 (2008)). Mr. Petroulas, like all class members, purchased Firefly Aerospace Inc. ("Firefly") securities during the class period at prices that were artificially inflated as a result of Defendants' alleged fraud, and retained those shares past the corrective disclosure, thereby suffering significant losses. *In re Enron,* 206 F.R.D. at 441 ("typicality is achieved where the named plaintiffs' claims arise from the same event or course of conduct that gives rise to claims of other class members….") (internal citations omitted).

Furthermore, Mr. Petroulas relies on the same legal theories as the rest of the class. With regard to typicality, the Fifth Circuit has stated:

> [The typicality requirement] focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent. Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.

*Stirman v. Exxon Corp.,* 280 F.3d 554, 562 (5th Cir. 2002); *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. H-14-3428, 2017 U.S. Dist. LEXIS 91938, at *10 (S.D. Tex. 2017) (typicality satisfied where class representatives' claims "share the same legal theory" with class members); *In re Plains All Am. Pipeline, L.P. Sec. Litig.,* No H:15-cv-02404, 2015 U.S. Dist. LEXIS 163811, at *11 (S.D. Tex. 2015) ("The typicality requirement focuses less on the relative strengths of the named and unnamed plaintiffs' cases than on the similarity of the legal and remedial theories behind their claims.") (internal citations omitted). Thus, Mr. Petroulas has established the requisite *prima facie* showing with regard to typicality.

The adequacy element of Rule 23 requires that: "[class] counsel [ ] be qualified, experienced, and able to prosecute the action vigorously and [that] the class representatives must

not have interests antagonistic to the class members." *Tarica v. McDermott Int'l, Inc.,* No: 99-3831 SECTION: "R"(5), 2000 U.S. Dist. LEXIS 5031, *14 (E.D. La. 2000); *see also In re Lease Oil Antitrust Litig.,* 186 F.R.D. 403, 421 (S.D. Tex. 1999) (adequacy inquiry is broken down into "essentially two parts--one relating to the class representatives and the other to the class counsel: (1) the counsel must be qualified and experienced, and (2) the representatives must not have antagonistic interests with class members.") (internal citations omitted). Thus far Mr. Petroulas has taken several steps to evidence his adequacy. As stated in the declaration accompanying his opening motion, Mr. Petroulas has submitted information describing his background information, experience investing, and profession. *See* Petroulas Declaration, ECF No. 19-5. Mr. Petroulas considers himself to be a sophisticated investor, having been investing in the stock market for over ten years. *Id*. He resides in Dubai, United Arab Emirates. *Id*. Mr. Petroulas is the founder of Over Agency, a management and marketing agency focused on artist development internationally. *Id*. Mr. Petroulas is presently self-employed as an entrepreneur in the lifestyle and entertainment industry. *Id*. He also manages a personal portfolio of investments for his own benefit which consists of real estate investments, businesses, and equities, including the stock investment at issue in this action. *Id*. Mr. Petroulas has experience overseeing attorneys, as he has hired attorneys for personal and business matters, which includes recent litigation in Indonesia arising from a real estate transaction. *Id*. Further, his selection of experienced and capable counsel in Levi & Korsinsky as Lead Counsel and Sponsel Miller PLLC as Liaison Counsel demonstrates that Mr. Petroulas will adequately represent the interests of the proposed class. *See* Firm Resumes, ECF No. 19-6.

Under the PSLRA, a "strong" presumption in favor of being appointed Lead Plaintiff goes to the movant who suffered the largest financial interest and satisfies Fed. R. Civ. P. 23. *See* 15

U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). *See also Kakkar v. Bellicum Pharm., Inc.,* No. 4:18-CV-00338, 2019 U.S. Dist. LEXIS 50704, at *4-5 (S.D. Tex. Mar. 26, 2019). Mr. Petroulas has the "largest financial interest" of all the movants in the relief sought by the class and otherwise satisfies the requirements of Rule 23. He is therefore the presumptive "most adequate plaintiff" within the meaning of the PSLRA. To overcome this presumption, the PSLRA requires "*proof*" that the presumptive movant is inadequate or subject to a unique defense. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. §78u-4(a)(3)(B)(iii)(II) (emphasis added). This the competing movants cannot do, as no such proof exists in this case.

## III.    CONCLUSION

For the foregoing reasons, Mr. Petroulas respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Mr. Petroulas as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class and Sponsel Miller PLLC as Liaison Counsel, and (3) granting such other relief as the Court may deem just and proper.

Dated: January 20, 2026                                Respectfully submitted,

                                                        **SPONSEL MILLER PLLC**

                                                        */s/ Thane Tyler Sponsel III*
                                                        Thane Tyler Sponsel III
                                                        Texas Bar No.: 24056361
                                                        520 Post Oak Boulevard, Suite 310
                                                        Houston, Texas 77027
                                                        Telephone: (713) 892-5400
                                                        Facsimile: (713) 892-5401
                                                        Email: sponsel@smglawgroup.com

                                                        *Liaison Counsel for Julian Petroulas and Proposed*
                                                        *Liaison Counsel the Class*

6

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Julian Petroulas and Proposed Lead Counsel for the Class*

7

## CERTIFICATE OF SERVICE

I HEREBY certify that on January 20, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III