**FILED**

March 26, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____Christian Rodriguez_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIIN DIVISION

| | | |
|---|---|---|
| JANA K. DIAMOND, Individually and on Behalf of All Others Similarly Situated | § § § § | No. 1:25-cv-1812-DAE |
| *Plaintiff,* | § § § | |
| v. | § § | |
| FIREFLY AEROSPACE INC., et al., | § § | |
| *Defendants.* | § § § | |

ORDER APPOINTING LEAD PLAINTIFFS AND APPROVING SELECTION
OF COUNSEL

The issue before the Court is to appoint a lead plaintiff and approve the election of counsel for this securities class action lawsuit. Six parties filed motions for appointment as lead plaintiff, which are detailed below. Based on the filings, the Court determines that Movants Julian Petroulas ("Petroulas") and Prakash Vasudeva Bhat ("Bhat")'s Joint Stipulation and Proposed Order Appointing Co-Lead Plaintiffs and Co-Lead Counsel (Dkt. # 30) is **APPROVED**. Accordingly, the Court **GRANTS** Petroulas and Bhat's motions for appointment (Dkts. ## 18, 19) and **DENIES** the remaining motions for appointment (Dkts. ## 20, 21, 22).

1

BACKGROUND

The above-captioned securities class action is brought on behalf of purchasers or acquirers of Defendant Firefly Aerospace Inc.'s ("Firefly" or "Defendant"): (a) common stock pursuant and/or traceable to the offering documents issued in connection with Firefly's initial public offering conducted on or about August 7, 2025 (the "IPO"); and/or (b) Firefly securities between August 7, 2025, and September 29, 2025 (the "Class Period").  (Dkt. # 1 at 2.)  The lawsuit pursues claims under the Securities Act of 1933 and the Securities Exchange Act of 1934 ("Exchange Act").  (Id.)

On November 11, 2025, Plaintiff initiated this lawsuit.  (Dkt. # 1.)  On January 12, 2026, six parties filed motions for appointment as lead plaintiff and for approval of lead counsel: (1) Prakash Vasudeva Bhat ("Bhat") (Dkt. # 18); (2) Julian Petroulas ("Petroulas") (Dkt. # 19); (3) Dabo Zhao (Dkt. # 20); (4) Dustin Moon and Abdulla Saad M. Alarifi as co-lead plaintiffs (Dkt. # 21); and (5) Xuhao Zhou (Dkt. # 22).

Subsequently, a number of the movants filed notices with the Court either indicating they no longer opposed competing motions for appointment or in recognition that they did not hold the largest financial interest in the litigation: (1) Xuhao Zhou filed a Notice of Non-Opposition (Dkt. # 24); (2) Dustin Moon and Abdullah Saad M. Alarifi filed a Response acknowledging that they do not hold the

2

largest financial interest but requesting appointment if the other movants are found to be atypical or inadequate (Dkt. # 27); and (3) Dabo Zhao filed a Notice of Non-Opposition (Dkt. # 28).  As such, Petroulas and Bhat are the only remaining competing movants (hereinafter the "Movants").  Although Movants Bhat and Petroulas initially opposed appointment of either competing movant (Dkts. ## 23, 29), on January 30, 2026, Bhat and Petroulas filed a Stipulation and Proposed Order Appointing Co-Lead Plaintiffs and Co-Lead Counsel (Dkt. # 30).  They request that the Court appoint Petroulas and Bhat as Co-Lead Plaintiffs and approve Levi & Korsinsky, LLP ("Levi & Korsinsky") and Robbins Geller Rudman & Dowd LLP ("RGRD") to serve as Co-Lead Counsel, and for Kendall Law Group, PLLC and Sponsel Miller PLLC ("Sponsel Miller") to serve as Liaison Counsel.  (Id. at 4.)

## LEGAL STANDARD

The Private Securities Litigation Reform Act ("PSLRA") requires that the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members."  See 15 U.S.C. § 78u–1(a)(3)(B)(i). This inquiry proceeds in three steps: (1) ensuring that the parties have satisfied the first step of providing notice of the pendency of the action, the claims made in the action, and the class period, (2) determining who "has the largest financial interest

3

in the relief sought by the class," and (3) giving "other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." In re Cavanaugh, 306 F.3d 726, 730 (9th Cir. 2002). As for the selection of lead counsel, the PSLRA states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v).

Rule 23 generally requires typicality and adequacy for class actions. See Fed. R. Civ. P. 23(a). "Although the inquiry at this stage of the litigation in selecting the Lead Plaintiff is not as searching as the one triggered by a subsequent motion for class certification, the proposed Lead Plaintiff must make at least a preliminary showing that it has claims that are typical of those of the putative class and has the capacity to provide adequate representation for those class members." In re Enron Corp. Sec. Litig., 206 F.R.D. 427, 441 (S.D. Tex. 2002). However, "potential lead plaintiffs need not submit evidentiary proof of typicality or adequacy" to make a preliminary showing. In re BP, PLC Sec. Litig., 758 F. Supp. 2d 428, 435 (S.D. Tex. 2010) (citing Gluck v. CellStar Corp., 976 F. Supp. 542, 546 (N.D. Tex. 1997).

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Id. Where the class representative's claims share the same essential characteristics of the putative class,

4

they are typical.  James v. City of Dallas, 254 F.3d 551, 571 (5th Cir. 2001), abrogated on other grounds by M.D. ex rel. Stukenberg v. Perry, 675 F.3d 832 (5th Cir. 2012).  Moreover, "[i]f the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality."  Id.  Adequacy requires that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  "Differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests."  Mullen v. Treasure Chest Casino, LLC, 186 F.3d 620, 625–26 (5th Cir. 1999).

Lastly, if a "group of persons" seeks appointment as Lead Plaintiff, the group must be "small" and "cohesive."  Strong v. AthroCare Corp., No. A-08-CA-574-SS, 2008 WL 11334942, at *7 (W.D. Tex. Dec. 10, 2008) (quoting In re Enron Corp. Sec. Litig., 206 F.R.D. 427, 451 (S.D. Tex. 2002)).  A "small" group has no more than five members.  See, e.g., Berger v. Compaq Computer Corp., 257 F.3d 475, 478 n.2 (5th Cir. 2001) ("[I]t is notable that the Securities and Exchange Commission has taken the position that a group of investors appointed to serve as lead plaintiffs ordinarily should comprise no more than three to five persons.").  Group "cohesion" is generally established by demonstrating the existence of "a pre-litigation relationship [between group members] based on more than their

losing investment." In re Waste Mgmt., Inc. Sec. Litig., 128 F. Supp. 2d 401, 413 (S.D. Tex. 2000).

DISCUSSION

As a threshold matter, the Court recognizes that appointing co-lead plaintiffs under the PSLRA is potentially disfavored in some other circuits, but that district courts in this circuit have both appointed and declined to appoint co-lead plaintiffs depending on specific circumstances. See, e.g., Cohen v. U.S. Dist. Ct. for N. Dist. of California, 586 F.3d 703, 711 n.4 (9th Cir. 2009) (the Ninth Circuit suggesting that "while the PSLRA allows a group to serve as lead plaintiff, it also consistently refers to the lead plaintiff and most adequate plaintiff in the singular, suggesting that the district court should appoint only one lead plaintiff"). But see Gluck v. CellStar Corp., 976 F. Supp. 542, 549–50 (N.D. Tex. 1997) (declining to appoint co-lead plaintiffs but noting that "[c]o–Lead Plaintiffs might be appropriate in certain situations, such as . . . two or more smaller investors with roughly equal interests where there is no plaintiff with a significantly larger interest than all other plaintiffs."); Holley v. Kitty Hawk, Inc., 200 4 F.R.D. 275, 280 (N.D. Tex. 2001) (discussing this issue at length and concluding that "'the majority of courts addressing this issue have permitted the aggregation of claims,' as multiple plaintiffs are permitted by the Act." (quoting Yousefi v. Lockheed Martin Corp., 70 F. Supp. 2d 1061, 1070 (C.D. Cal. 1999))); Morand v. Tesla, Inc., No. 1:25-cv-

6

1213-RP, Dkt. # 8 (W.D. Tex. Dec. 9, 2025) (granting joint stipulation appointing co-lead plaintiffs and co-lead counsel "[i]n light of the parties' agreement and in the interest of both conserving judicial resources and avoiding delay from further dispute over lead plaintiff status").  The Court is not aware of any Fifth Circuit precedent expressing a clear position in favor of or against co-lead plaintiffs under the PSLRA.  Thus, given the Movant's stipulation, and, as discussed below, that they each have a significant financial stake in the outcome of the litigation and otherwise satisfy the requirements of Rule 23, the Court will appoint Petroulas and Bhat as Co-Lead Plaintiffs.

Petroulas alleges losses of approximately $5,656,582.94 as a result of Defendants' alleged wrongful conduct.  (Dkts. ## 19 at 10; 19-3 at 3.)  Bhat alleges losses of approximately $154,751.20 as a result of Defendants' alleged wrongful conduct.  (Dkts. ## 18 at 5; 18-4.)  While these amounts vary substantially and could support appointing Petroulas as the sole lead plaintiff, both Movants represent a significant degree of financial interest in the relief sought by the class. In light of the Movants' stipulation and in the interest of both conserving judicial resources and avoiding delay from further dispute over lead plaintiff status, the Court finds that both Petroulas and Bhat have a substantial enough financial interest to satisfy the PLSRA's purpose of ensuring the class action securities

litigation is driven by the parties, not lawyers.  See Morand, No. 1:25-cv-1213-RP, Dkt. # 8 at 4.

The Court also finds that both Movants have established a prima facie case for the adequacy and typicality requirements of Rule 23.  See In re Cavanaugh, 306 F.3d at 730.  Petroulas and Bhat both suffered the same injuries as the absent class members as a result of purchasing Firefly securities, and allege that Defendants violated the federal securities laws by disseminating materially misleading statements concerning the company's operation and financial performance.  (See Dkts. ## 18 at 5–6; 19 at 7–9.)  Both Movants have a similar interest in pursuing the interests of the class and are willing to serve as and assume the responsibilities of lead plaintiffs.  (Id.)  Furthermore, they have retained counsel and have no apparent conflicts of interest with the remaining class members.  Given that both Petroulas and Bhat timely filed motions for appointment, have significant financial interests in the case, satisfy the typicality and adequacy requirements of Rule 23, and have jointly requested to be appointed Co-Lead Plaintiffs, the Court finds that Petroulas and Bhat should be named Co-Lead Plaintiffs.

Lastly, Movants ask the Court to approve of their selection of Levi & Korsinsky and RGRD to serve as Co-Lead Counsel, and for Kendall Law Group, PLLC and Sponsel Miller to serve as Liaison Counsel.  (Dkt. # 30 at 4.)  The

PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  In light of the PSLRA's vesting of authority in lead plaintiffs and having reviewed the firm resumes and reputation as recognized by other courts, the Court approves of the selection of Levi & Korsinsky and RGRD as Co-Lead Counsel with Kendall Law Group, PLLC and Sponsel Miller as Co-Liaison Counsel.  (See Dkts. ## 18 at 7; 19-6.) See also In re Cassava Sciences, Inc. Securities Litigation, No. 1:21-CV-751-DAE, Dkt. # 59 (W.D. Tex. June 30, 2022) ("the Court is convinced [Robbins Geller] is fully capable of litigating this case skillfully and zealously.").  However, "the Court reminds and cautions counsel to ensure that the involvement of multiple firms does not lead to a duplication of services, as duplicated services will not be compensated when awarding attorney's fees."  Morand, No. 1:25-cv-1213-RP, Dkt. # 8 (citing Holley, 200 F.R.D. at 282).

CONCLUSION

For the reasons stated, the Court approves Movants Petroulas and Bhat's Stipulation (Dkt. # 30) and hereby **GRANTS** Movants Petroulas and Bhat's Motion for Appointment (Dkts. ## 18, 19) and **DENIES** the remaining motions for appointment (Dkts. ## 20, 21, 22).

Accordingly, the Court **APPOINTS** Movants Petroulas and Bhat to serve as Co-Lead Plaintiffs in this action and any subsequently filed or transferred

actions that are consolidated with this Action, pursuant to 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. §77z-1(a)(3)(B); and **APPOINTS** Co-Lead Plaintiffs' selections of Levi & Korsinsky and RGRD as Co-Lead Counsel and Kendall Law Group, PLLC and Sponsel Miller as Co-Liaison Counsel.

The Court further **ORDERS** that:

1. Every pleading in this Action, and any related action that is consolidated with this Action, shall hereafter bear the following caption:

2.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE FIREFLY AEROSPACE INC. SECURITIES LITIGATION | § § § | No. 1:25-cv-01812-DAE |
| | § § | |
| | § | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | § § § | [TITLE OF DOCUMENT] |
| | § | |

3. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When the document applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates

To:", the docket number for each individual action to which the document applies, along with the name of the first-listed plaintiff in said action.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, March 26, 2026.

_____
David Alan Ezra
Senior United States District Judge